**STATISTICAL INFORMATION ONLY: Debtor must select the number of each of the following items included in the Plan.**
0 Valuation of Security    0 Assumption of Executory Contract or Unexpired Lease    0 Lien Avoidance

**Last revised: September 1, 2018**

# UNITED STATES BANKRUPTCY COURT
## District of New Jersey

In Re:   Noelia N. Chahalis

Case No.:   18-22969
Judge:   Rosemary Gambardella

Debtor(s)

## CHAPTER 13 PLAN AND MOTIONS

☑ Original     ☐ Modified/Notice Required     Date: October 11, 2018
☐ Motions Included     ☐ Modified/No Notice Required

THE DEBTOR HAS FILED FOR RELIEF UNDER
CHAPTER 13 OF THE BANKRUPTCY CODE.

**YOUR RIGHTS MAY BE AFFECTED**

You should have received from the court a separate *Notice of the Hearing on Confirmation of Plan*, which contains the date of the confirmation hearing on the Plan proposed by the Debtor. This document is the actual Plan proposed by the Debtor to adjust debts. You should read these papers carefully and discuss them with your attorney. Anyone who wishes to oppose any provision of this Plan or any motion included in it must file a written objection within the time frame stated in the *Notice*. Your rights may be affected by this plan. Your claim may be reduced, modified, or eliminated. This Plan may be confirmed and become binding, and included motions may be granted without further notice or hearing, unless written objection is filed before the deadline stated in the Notice. The Court may confirm this plan, if there are no timely filed objections, without further notice. See Bankruptcy Rule 3015. If this plan includes motions to avoid or modify a lien, the lien avoidance or modification may take place solely within the chapter 13 confirmation process. The plan confirmation order alone will avoid or modify the lien. The debtor need not file a separate motion or adversary proceeding to avoid or modify a lien based on value of the collateral or to reduce the interest rate. An affected lien creditor who wishes to contest said treatment must file a timely objection and appear at the confirmation hearing to prosecute same.

**The following matters may be of particular importance.** *Debtors must check one box on each line to state whether the plan includes each of the following items. If an item is checked as "Does Not" or if both boxes are checked, the provision will be ineffective if set out later in the plan.*

THIS PLAN:

☐ DOES ☑ DOES NOT CONTAIN NON-STANDARD PROVISIONS. NON-STANDARD PROVISIONS MUST ALSO BE SET FORTH IN PART 10.

☐ DOES ☑ DOES NOT LIMIT THE AMOUNT OF A SECURED CLAIM BASED SOLELY ON VALUE OF COLLATERAL, WHICH MAY RESULT IN A PARTIAL PAYMENT OR NO PAYMENT AT ALL TO THE SECURED CREDITOR. SEE MOTIONS SET FORTH IN PART 7, IF ANY.

1

☐ DOES ☑ DOES NOT AVOID A JUDICIAL LIEN OR NONPOSSESSORY, NONPURCHASE-MONEY SECURITY INTEREST. SEE MOTIONS SET FORTH IN PART 7, IF ANY.

Initial Debtor(s)' Attorney  RLL          Initial Debtor:  NNC          Initial Co-Debtor  _____

## Part 1: Payment and Length of Plan

a. The debtor shall pay __400.00 Monthly__ to the Chapter 13 Trustee, starting on __October 1, 2018__ for approximately __57__ months.

b. The debtor shall make plan payments to the Trustee from the following sources:
   ☑ Future Earnings
   ☐ Other sources of funding (describe source, amount and date when funds are available):

c. Use of real property to satisfy plan obligations:
   ☐ Sale of real property
   Description:
   Proposed date for completion: _____

   ☐ Refinance of real property:
   Description:
   Proposed date for completion: _____

   ☑ Loan modification with respect to mortgage encumbering property:
   Description: All arrears will be part of the loan modification for property location: 105 Signal Hill Trail, Sparta, NJ 07871
   Proposed date for completion: __April, 2019__

d. ☑ The regular monthly mortgage payment will continue pending the sale, refinance or loan modification.

e. ☐ Other information that may be important relating to the payment and length of plan:

## Part 2: Adequate Protection       [X] NONE

a. Adequate protection payments will be made in the amount of $_____ to be paid to the Chapter 13 Trustee and disbursed pre-confirmation to _____ (creditor).

b. Adequate protection payments will be made in the amount of $_____ to be paid directly by the debtor(s) outside the Plan, pre-confirmation to: _____ (creditor).

## Part 3: Priority Claims (Including Administrative Expenses)

a. All allowed priority claims will be paid in full unless the creditor agrees otherwise:

| Creditor | Type of Priority | Amount to be Paid |
|---|---|---|
| Russell L. Low 4745 | Attorney Fees | 3,500.00 |

b. Domestic Support Obligations assigned or owed to a governmental unit and paid less than full amount:
   Check one:
   ☑ None

☐ The allowed priority claims listed below are based on a domestic support obligation that has been assigned to or is owed to a governmental unit and will be paid less than the full amount of the claim pursuant to 11 U.S.C.1322(a)(4):

| Creditor | Type of Priority | Claim Amount | Amount to be Paid |
|---|---|---|---|

## Part 4: Secured Claims

**a. Curing Default and Maintaining Payments on Principal Residence:** ☐ **NONE**

The Debtor will pay to the Trustee (as part of the Plan) allowed claims for arrearages on monthly obligations and the debtor shall pay directly to the creditor (outside the Plan) monthly obligations due after the bankruptcy filing as follows:

| Creditor | Collateral or Type of Debt | Arrearage | Interest Rate on Arrearage | Amount to be Paid to Creditor (In Plan) | Regular Monthly Payment (Outside Plan) |
|---|---|---|---|---|---|
| QUICKEN LOANS | 105 Signal Hill Tr. Sparta, NJ 07871 Sussex County Co-Owned with Husband | 65,000.00 | 0.00 | 65,000.00 | 2,262.00 |

**b. Curing and Maintaining Payments on Non-Principal Residence & other loans or rent arrears:** ☑ **NONE**

The Debtor will pay to the Trustee (as part of the Plan) allowed claims for arrearages on monthly obligations and the debtor will pay directly to the creditor (outside the Plan) monthly obligations due after the bankruptcy filing as follows:

| Creditor | Collateral or Type of Debt | Arrearage | Interest Rate on Arrearage | Amount to be Paid to Creditor (In Plan) | Regular Monthly Payment (Outside Plan) |
|---|---|---|---|---|---|

**c. Secured claims excluded from 11 U.S.C. 506:** ☑ **NONE**

The following claims were either incurred within 910 days before the petition date and are secured by a purchase money security interest in a motor vehicle acquired for the personal use of the debtor(s), or incurred within one year of the petition date and secured by a purchase money security interest in any other thing of value:

| Name of Creditor | Collateral | Interest Rate | Amount of Claim | Total to be Paid through the Plan Including Interest Calculation |
|---|---|---|---|---|

**d. Requests for valuation of security, Cram-down, Strip Off & Interest Rate Adjustments** ☑ **NONE**

1.) The debtor values collateral as indicated below. If the claim may be modified under Section 1322(b)(2), the secured creditor shall be paid the amount listed as the "Value of the Creditor Interest in Collateral," plus interest as stated. The portion of any allowed claim that exceeds that value shall be treated as an unsecured claim. If a secured claim is identified as having "NO VALUE" it shall be treated as an unsecured claim.

**NOTE: A modification under this section ALSO REQUIRES the appropriate motion to be filed under Section 7 of the Plan.**

3

| Creditor | Collateral | Scheduled Debt | Total Collateral Value | Superior Liens | Value of Creditor Interest in Collateral | Annual Interest Rate | Total Amount to Be Paid |
|---|---|---|---|---|---|---|---|
| -NONE- | | | | | | | |

    2.) Where the Debtor retains collateral and completes the Plan, payment of the full amount of the allowed secured claim shall discharge the corresponding lien.

**e. Surrender** ☑ **NONE**

    Upon confirmation, the stay is terminated as to surrendered collateral only under 11 U.S.C. 362(a) and that the stay under 11 U.S.C 1301 be terminated in all respects. The Debtor surrenders the following collateral:

| Creditor | Collateral to be Surrendered | Value of Surrendered Collateral | Remaining Unsecured Debt |
|---|---|---|---|

**f. Secured Claims Unaffected by the Plan** ☑ **NONE**

    The following secured claims are unaffected by the Plan:

Creditor

**g. Secured Claims to be Paid in Full Through the Plan** ☑ **NONE**

| Creditor | Collateral | Total Amount to be Paid through the Plan |
|---|---|---|

## Part 5:  Unsecured Claims    ☐ NONE

    a. **Not separately classified** allowed non-priority unsecured claims shall be paid:

      ☐ Not less than $_____ to be distributed *pro rata*

      ☐ Not less than _____ percent

      ☑ *Pro Rata* distribution from any remaining funds

    b. **Separately classified unsecured** claims shall be treated as follows:

| Creditor | Basis for Separate Classification | Treatment | Amount to be Paid |
|---|---|---|---|

## Part 6:  Executory Contracts and Unexpired Leases    ☒ NONE

    (NOTE: See time limitations set forth in 11 U.S.C. 365(d)(4) that may prevent assumption of non-residential real property leases in this Plan.)

    All executory contracts and unexpired leases, not previously rejected by operation of law, are rejected, except the following, which are assumed:

| Creditor | Arrears to be Cured in Plan | Nature of Contract or Lease | Treatment by Debtor | Post-Petition Payment |
|---|---|---|---|---|

## Part 7:  Motions    ☒ NONE

**NOTE: All plans containing motions must be served on all potentially affected creditors, together with**

local form, *Notice of Chapter 13 Plan Transmittal,* within the time and in the manner set forth in D.N.J. LBR 3015-1. A *Certification of Service, Notice of Chapter 13 Plan Transmittal and valuation* must be filed with the Clerk of Court when the plan and transmittal notice are served.

**a. Motion to Avoid Liens under 11 U.S.C. Section 522(f).** ☑ **NONE**
The Debtor moves to avoid the following liens that impair exemptions:

| Creditor | Nature of Collateral | Type of Lien | Amount of Lien | Value of Collateral | Amount of Claimed Exemption | Sum of All Other Liens Against the Property | Amount of Lien to be Avoided |
|---|---|---|---|---|---|---|---|

**b. Motion to Avoid Liens and Reclassify Claim from Secured to Completely Unsecured.** ☑ **NONE**

The Debtor moves to reclassify the following claims as unsecured and to void liens on collateral consistent with Part 4 above:

| Creditor | Collateral | Scheduled Debt | Total Collateral Value | Superior Liens | Value of Creditor's Interest in Collateral | Total Amount of Lien to be Reclassified |
|---|---|---|---|---|---|---|

**c. Motion to Partially Void Liens and Reclassify Underlying Claims as Partially Secured and Partially Unsecured.** ☑ **NONE**

The Debtor moves to reclassify the following claims as partially secured and partially unsecured, and to void liens on collateral consistent with Part 4 above:

| Creditor | Collateral | Scheduled Debt | Total Collateral Value | Amount to be Deemed Secured | Amount to be Reclassified as Unsecured |
|---|---|---|---|---|---|

## Part 8: Other Plan Provisions

a. **Vesting of Property of the Estate**
   ☑ Upon Confirmation
   ☐ Upon Discharge

b. **Payment Notices**
Creditors and Lessors provided for in Parts 4, 6 or 7 may continue to mail customary notices or coupons to the Debtor notwithstanding the automatic stay.

c. **Order of Distribution**

The Standing Trustee shall pay allowed claims in the following order:
1) Ch. 13 Standing Trustee Commissions
2) Other Administrative Claims
3) Secured Claims
4) Lease Arrearages
5) Priority Claims
6) General Unsecured Claims

d. **Post-Petition Claims**

5

The Standing Trustee ☐ is, ☑ is not authorized to pay post-petition claims filed pursuant to 11 U.S.C. Section 1305(a) in the amount filed by the post-petition claimant.

### Part 9: Modification    ☒ NONE

If this Plan modifies a Plan previously filed in this case, complete the information below.
Date of Plan being modified: _____.

| Explain below **why** the plan is being modified: | Explain below **how** the plan is being modified: |
|---|---|
| | |

Are Schedules I and J being filed simultaneously with this Modified Plan?    ☐ Yes    ☐ No

### Part 10 : Non-Standard Provision(s): Signatures Required

Non-Standard Provisions Requiring Separate Signatures:
☑ NONE
☐ Explain here:
Any non-standard provisions placed elsewhere in this plan are ineffective.

### Signatures

The Debtor(s) and the attorney for the Debtor(s), if any, must sign this Plan.

By signing and filing this document, the debtor(s), if not represented by an attorney, or the attorney for the debtor(s) certify that the wording and order of the provisions in this Chapter 13 Plan are identical to *Local Form, Chapter 13 Plan and Motions*, other than any non-standard provisions included in Part 10.

I certify under penalty of perjury that the above is true.

Date: October 12, 2018              /s/ Noelia N. Chahalis
                                     Noelia N. Chahalis
                                     **Debtor**

Date: _____                    _____
                                     **Joint Debtor**


Date October 12, 2018                /s/ Russell L. Low
                                     Russell L. Low 4745
                                     **Attorney for the Debtor(s)**

6

```
                          United States Bankruptcy Court
                              District of New Jersey

In re:                                                          Case No. 18-22969-RG
Noelia N. Chahalis                                              Chapter 13
       Debtor              CERTIFICATE OF NOTICE

District/off: 0312-2         User: admin               Page 1 of 2          Date Rcvd: Oct 15, 2018
                             Form ID: pdf901           Total Noticed: 32


Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on
Oct 17, 2018.
db           +Noelia N. Chahalis,    105 Signal Hill Tr.,    Sparta, NJ 07871-2548
cr           +QUICKEN LOANS INC.,    Phelan Hallinan & Schmieg, PC,    400 Fellowship Road,    Suite 100,
               Mt. Laurel, NJ 08054-3437
517616082    +Anesthesia Assoc. of Morristown,    Attn: David Watner, Esq.,    1129 Bloomfield Ave. Suite 208,
               Caldwell, NJ 07006-7123
517616084    +BUREAU OF ACCOUNTS CON,    3601 US HIGHWAY 9,    HOWELL, NJ 07731-3395
517616085    +CHASE AUTO,   PO BOX 901003,    FT WORTH, TX 76101-2003
517616086    +CHASE CARD,   PO BOX 15298,    WILMINGTON, DE 19850-5298
517616087    +CITI/STDNT LN RSRC CNT,    501 BLEECKER ST,    UTICA, NY 13501-2401
517616090    +FED LOAN SERV,    PO BOX 60610,    HARRISBURG, PA 17106-0610
517616102     General Revenue Corp.,    PO Box 495999-01BE,    Cincinnati, OH 45249
517616106    +Midland Funding LLC,    Pressler & Pressler LLP,    7 Entin Road,    Parsippany, NJ 07054-5020
517616107    +NEW YORK UNIVERSITY,    726 BROADWAY FL 9,    NEW YORK, NY 10003-9580
517616108    +Nova Southeastern University,    3301 College Avenue,    Fort Lauderdale, FL 33314-7796
517616109    +Phelan Hallinam & Diamond PC,    400 Fellowship Road,    Suite 100,
               Mount Laurel, NJ 08054-3437
517616113    +STU LN TRUST,    701 EAST 60TH STREET NORTH,    SIOUX FALLS, SD 57104-0432
517616116    +SYNCB/GAPDC/Midland Bank,    PO BOX 965005,    ORLANDO, FL 32896-5005
517616111    +Selip and Stylianou, LLP,    10 Forest Avenue,    Paramus, NJ 07652-5238
517616117    +TD BANK USA/TARGETCRED,    PO BOX 673,    MINNEAPOLIS, MN 55440-0673

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
smg           E-mail/Text: usanj.njbankr@usdoj.gov Oct 15 2018 23:50:25      U.S. Attorney,    970 Broad St.,
               Room 502,    Rodino Federal Bldg.,    Newark, NJ 07102-2534
smg          +E-mail/Text: ustpregion03.ne.ecf@usdoj.gov Oct 15 2018 23:50:21      United States Trustee,
               Office of the United States Trustee,    1085 Raymond Blvd.,    One Newark Center,    Suite 2100,
               Newark, NJ 07102-5235
517616081    +E-mail/Text: ally@ebn.phinsolutions.com Oct 15 2018 23:49:43      ALLY FINANCIAL,
               200 RENAISSANCE CTR,    DETROIT, MI 48243-1300
517616083     E-mail/PDF: ais.bmw.ebn@americaninfosource.com Oct 15 2018 23:56:40      BMW FINANCIAL SERVICES,
               PO BOX 3608,    DUBLIN, OH 43016
517627439    +E-mail/PDF: acg.acg.ebn@americaninfosource.com Oct 15 2018 23:56:32
               BMW Financial Services NA, LLC,    AIS Portfolio Services, LP,    4515 N Santa Fe Ave. Dept. APS,
               Oklahoma City, OK 73118-7901
517616088    +E-mail/PDF: creditonebknotifications@resurgent.com Oct 15 2018 23:57:07      CREDIT ONE BANK NA,
               PO BOX 98875,    LAS VEGAS, NV 89193-8875
517616089    +E-mail/Text: mrdiscen@discover.com Oct 15 2018 23:49:45      DISCOVER FIN SVCS LLC,
               PO BOX 15316,    WILMINGTON, DE 19850-5316
517794814     E-mail/Text: mrdiscen@discover.com Oct 15 2018 23:49:45      Discover Bank,
               Discover Products Inc,    PO Box 3025,    New Albany, OH 43054-3025
517616103    +E-mail/Text: csocha@greateralliance.org Oct 15 2018 23:51:18      GREATER ALLIANCE FCU,
               40 W CENTURY RD,    PARAMUS, NJ 07652-1454
517616105    +E-mail/Text: bankruptcydpt@mcmcg.com Oct 15 2018 23:50:21      MIDLAND FUNDING,
               2365 NORTHSIDE DR STE 30,    SAN DIEGO, CA 92108-2709
517616110    +E-mail/Text: bankruptcyteam@quickenloans.com Oct 15 2018 23:50:41      QUICKEN LOANS,
               1050 WOODWARD AVE,    DETROIT, MI 48226-1906
517616112    +E-mail/Text: clientservices@sourcerm.com Oct 15 2018 23:50:54      SOURCE RECEIVABLES MNG,
               4615 DUNDAS DR STE 102,    GREENSBORO, NC 27407-1761
517616115    +E-mail/PDF: gecsedi@recoverycorp.com Oct 15 2018 23:57:02      SYNCB/CARE CREDIT,
               950 FORRER BLVD,    KETTERING, OH 45420-1469
517617947    +E-mail/PDF: gecsedi@recoverycorp.com Oct 15 2018 23:56:27      Synchrony Bank,
               c/o of PRA Receivables Management, LLC,    PO Box 41021,    Norfolk, VA 23541-1021
517616118    +E-mail/Text: bankruptcydepartment@tsico.com Oct 15 2018 23:51:03      TRANSWORLD SYSTEMS INC,
               500 VIRGINIA DR STE 514,    FORT WASHINGTON, PA 19034-2707
                                                                                              TOTAL: 15


            ***** BYPASSED RECIPIENTS (undeliverable, * duplicate) *****
517616091*   +FED LOAN SERV,    PO BOX 60610,    HARRISBURG, PA 17106-0610
517616092*   +FED LOAN SERV,    PO BOX 60610,    HARRISBURG, PA 17106-0610
517616093*   +FED LOAN SERV,    PO BOX 60610,    HARRISBURG, PA 17106-0610
517616094*   +FED LOAN SERV,    PO BOX 60610,    HARRISBURG, PA 17106-0610
517616096*   +FED LOAN SERV,    PO BOX 60610,    HARRISBURG, PA 17106-0610
517616097*   +FED LOAN SERV,    PO BOX 60610,    HARRISBURG, PA 17106-0610
517616098*   +FED LOAN SERV,    PO BOX 60610,    HARRISBURG, PA 17106-0610
517616095*   +FED LOAN SERV,    POB 60610,    HARRISBURG, PA 17106-0610
517616099*   +FED LOAN SERV,    POB 60610,    HARRISBURG, PA 17106-0610
517616100*   +FED LOAN SERV,    POB 60610,    HARRISBURG, PA 17106-0610
517616101*   +FED LOAN SERV,    POB 60610,    HARRISBURG, PA 17106-0610
517616104*   +GREATER ALLIANCE FCU,    40 W CENTURY RD,    PARAMUS, NJ 07652-1454
517616114*   +STU LN TRUST,    701 EAST 60TH STREET NORTH,    SIOUX FALLS, SD 57104-0432
                                                                                       TOTALS: 0, * 13, ## 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.
```

```
District/off: 0312-2           User: admin                  Page 2 of 2                  Date Rcvd: Oct 15, 2018
                               Form ID: pdf901              Total Noticed: 32
```

***** BYPASSED RECIPIENTS (continued) *****

Transmission times for electronic delivery are Eastern Time zone.

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Oct 17, 2018                                          Signature:  /s/Joseph Speetjens

---

## CM/ECF NOTICE OF ELECTRONIC FILING

```
The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email)
system on October 12, 2018 at the address(es) listed below:
              Kevin Gordon McDonald    on behalf of Creditor    QUICKEN LOANS INC. kmcdonald@kmllawgroup.com,
               bkgroup@kmllawgroup.com
              Marie-Ann  Greenberg    magecf@magtrustee.com
              Nicholas V. Rogers    on behalf of Creditor    QUICKEN LOANS INC. nj.bkecf@fedphe.com
              Russell L. Low    on behalf of Debtor Noelia N. Chahalis rbear611@aol.com,
               ecf@lowbankruptcy.com;r57808@notify.bestcase.com
              U.S. Trustee    USTPRegion03.NE.ECF@usdoj.gov
                                                                                             TOTAL: 5
```